## SIEGEL v LOWE

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 11635. Decided Oct 5, 1931

RICHARDS and WILLIAMS, JJ (6th Dist), and CROW, J (3rd Dist), sitting.

Messrs. Klein & Diehm, Cleveland, for plaintiff in error.

Joy Seth Hurd, Cleveland, for Defendant in Error.

**140**

because of the efforts the father was making to educate his son, principles announced in the case of Littler v Voigt, supra, apply. In that case the following language may be found in the opinion at page 287:

"As the son was under 17 years of age, he would come within the terms of this provision, (§7763 GC), and, in reaching a conclusion in this case, we may assume that the contention of the plaintiff in error is correct, and that if the father in sending his son to school authorized the son to drive the father's automobile in going to and from school, the son would, in making such trips, be engaged in the business of the father."

The court did not say in that case that the father would have been liable for the son's negligence if the car had been driven by the son with the authority of the father. As will appear by the language quoted, it was merely assumed for the purpose of discussion, that the contention of plaintiff in error in certain respects was correct. In that case the son was of compulsory school age and it was the duty of the father under the statutory law of Ohio to send the son to school. In the instant case, however, the son was an adult and, although the father was assisting his son to get an education and the son at the time of the accident was driving his father's car for the purpose of attending a lecture which would be helpful to the son along the educational lines which he was pursuing, he was using the car under a mere bailment and there was no duty on the part of the father to educate the son who had reached full age. In our judgment there was no evidence tending to prove that the son was the agent or servant of the father in driving the automobile.

The court below did not err in directing a verdict and the judgment should be affirmed.

Judgment affirmed.

RICHARDS and CROW, JJ, concur.

WILLIAMS, J.

What is sometimes referred to as the family purpose doctrine, does not obtain in Ohio. **4 Ohio Jurisprudence, page 723, §114.** It is the general rule under the law of Ohio that where the head of a family furnishes an automobile owned by him for the use of his family, there is no liability on the part of the owner who permits such use in his absence unless the member of the family using the car is the agent or servant of the owner and is acting within the scope of his authority as such agent or servant.

**Elms v Flick, 100 Oh St, 186;**
**Littler v Voigt, 21 Oh Ap, 285;**
**4 Ohio Jurisprudence, p. 725, §115.**

Counsel for plaintiff in error argues that